GOODWIN

Matthew S. Sheldon
+1 202 346 4027
MSheldon@goodwinlaw.com

Goodwin Procter LLP
1900 N Street, NW
Washington, DC 20036

goodwinlaw.com
+1 202 346 4000

July 9, 2026

**VIA ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Coffin v. Unison Agreement Corp. et al.*, Case No. 1:26-cv-1587-ENV-TAM**

Dear Judge Vitaliano:

We represent defendants Unison Agreement Corp. ("Unison"), Unison Investment Management, LLC, and Odin New Horizon Real Estate Fund, LP (together, "Defendants") in the above-referenced action. Pursuant to the Court's Individual Rule III.A, we respectfully request a pre-motion conference to address Defendants' anticipated motion under Rule 12(b): (1) to compel arbitration of Plaintiff Gerald Coffin's claims; and (2) to dismiss Plaintiff Dawn Whitbeck's (and certain of Coffin's) claims as untimely and for failure to state any claim because Plaintiffs engage in improper group pleading.

Plaintiffs Coffin and Whitbeck (together, "Plaintiffs") allege that Defendants violated state law when Plaintiffs entered into HomeOwner Agreements with Unison. Under the HomeOwner Agreements, Coffin and Whitbeck each received payments of $177,625 and $50,000, respectively, in return for Unison receiving the option, at a future date, to purchase a percentage interest in their properties. Plaintiffs allege that the HomeOwner Agreements are not equity option contracts, but are instead undisclosed mortgage loans. Plaintiffs bring this putative class action alleging violations of N.Y. Gen. Oblig. Law § 5-501; N.Y. Banking L. § 590, § 6-l, and § 590-b; N.Y. Gen. Bus. Law § 349 and § 350; and seeking declaratory relief. *See* ECF No. 13 ("Am. Compl."), at ¶¶ 184–292. The claims have no merit and Coffin's claims (and those of nearly all of the putative class) are not properly before this Court, as explained below.

## I. The Court should compel Coffin to arbitrate his claims.

Coffin entered into a HomeOwner Agreement with Unison on August 18, 2021. *See* Ex. 1. The HomeOwner Agreement contains a mandatory arbitration provision and class action waiver. *Id.* § 20.1. The arbitration provision is unequivocal and provides that its scope "is to be given the broadest possible interpretation that is enforceable" and that its "interpretation and scope . . . and the arbitrability of any Claim shall be resolved by neutral, binding arbitration and not by a court action." *Id.* § 20.3.

Under the Federal Arbitration Act, a court must compel arbitration where, as here: (1) the parties entered into a valid arbitration agreement, and (2) the dispute is within the scope of that agreement. *Holick v. Cellular Sales of N.Y., LLC*, 802 F.3d 391, 394 (2d Cir. 2015) (citation omitted). Here, the Court need decide only the first question, because the parties delegated questions of interpretation and scope to the arbitrator. Ex. 1 § 20.3; *see Henry Schein, Inc. v. Archer & White Sales, Inc*., 586 U.S. 63, 68 (2019). The existence of an arbitration agreement is clear. The arbitration provision was clearly and conspicuously included in the HomeOwner Agreement, and there is no dispute that Coffin entered into that agreement. *See, e.g.*, Am. Compl. ¶¶ 109, 115. And though the second question, of scope, is for the arbitrator to decide, this dispute is within the scope of the arbitration provision because it concerns Coffin's HomeOwner Agreement. Ex. 1 § 20.1.

## II. Resolving the arbitration question first is the most efficient path forward.

Defendants request that the parties first brief, and the Court first decide, the arbitration question given its implications for the entire matter, including the putative class allegations. This is the most efficient procedure here no matter the outcome of the motion to compel arbitration, especially given that Coffin's claims suffer from other defects, as detailed below.

*First*, if the Court grants the motion to compel Coffin to arbitrate, any purported class members who entered into Unison HomeOwner Agreements in or after November 2019—when Unison began to include an arbitration provision in its HomeOwner Agreements—would likewise be subject to arbitration. Coffin would have no automatic right to appeal such a decision, but to the extent he sought and received one, the appellate result could have implications for nearly all of the putative class and, in fact, the ability of this matter to proceed as a class action at all.

*Second*, if the Court denies the motion to compel arbitration, that denial is immediately appealable as of right under 9 U.S.C. § 16(a)(1)(C). Any such appeal would need to be resolved before this case could proceed on the merits with respect to any class members whose claims are subject to arbitration agreements, which is nearly all of them.

Litigating the remaining Rule 12 issues while any arbitration-related appeal is pending would risk duplicative proceedings or unnecessary expenditure of the Court's and the parties' resources.[1] *See Vasell v. SeatGeek, Inc.*, 2025 WL 240912, at *5 (E.D.N.Y. Jan. 17, 2025) ("The Court 'should generally rule on a motion to compel arbitration before proceeding to a merits-based motion to

---

[1] This case is one of several putative class actions filed against Defendants in the last few months arising from substantially similar or related facts and claims. The related putative class actions include: *Santaniello v. Unison Agreement Corp. et al.*, Case No. 2:26-cv-07117-EP-JSA (D.N.J.); *Kane v. Unison Agreement Corp., et al.*, Case No. 1:26-cv-01444-GPG-NRN (D. Colo.); and *Unison Agreement Contract Cases*, JCCP No. 5432 (Cal. Super. Ct. S.F. Cnty.). Defendants are evaluating options for efficiently litigating the various actions, which all involve similar claims and arbitration clauses, and anticipate updating the Court on this issue separately.

dismiss.'" (quotation omitted)); *Rubinstein v. Vivid Seats Inc.*, 2025 WL 2773161, at *4, *8–9 (E.D.N.Y. Sept. 29, 2025) (declining to consider defendant's motion to dismiss arguments because court first granted defendant's motion to compel arbitration on a non-class basis per arbitration agreement's waiver provision).

In short, resolving the arbitration issue with finality best serves the interests of the Court and the parties to move this matter forward. For efficiency and economy, the Court and the parties should not focus on other issues and claim defects until it is determined which plaintiffs may be allowed to seek to represent a putative class here and how issues specific to those plaintiff(s) and their claims could affect their ability to do so. The other plaintiff here (Whitbeck) has facially untimely claims that not only require dismissal but also impact her ability to serve as a class representative.

**III. The Amended Complaint has additional defects, including untimeliness.**

Whitbeck entered into a HomeOwner Agreement with Unison on November 1, 2018 (Am. Compl. ¶ 142) but did not sue until May 11, 2026—seven and a half years later. Whitbeck asserts that the HomeOwner Agreement violates New York laws that are subject to statutes of limitations of three or six years. *See* Am. Compl. Counts II, III, IV, V, VI, and VII; *see also* C.P.L.R. § 214(2) (three-year statute of limitations); C.P.L.R. § 213(2) (six-year statute of limitations).

The statute of limitations for each of these counts accrued for Whitbeck on the day she signed the HomeOwner Agreement. *See, e.g.*, *Malek v. AXA Equitable Life Ins. Co.*, 2023 WL 2682408, at *8 (E.D.N.Y. Mar. 29, 2023) (for causes of action under N.Y. Gen. Bus. Law § 349, "in a case involving alleged omissions or misrepresentations, the injury occurs when the omission or misrepresentation was made"). Thus, Whitbeck's claims are untimely. And at least some of Coffin's claims are untimely too given his agreement is from 2021. Ex. 1.

Further, the Amended Complaint should be dismissed for improper group pleading. Plaintiffs attempt to lump all Defendants together by collectively referring to them as "Unison." *See* Am. Compl. ¶ 16. The Amended Complaint thus fails to give the fair notice required by Rule 8 because it does not distinguish their conduct and inform as to what each defendant allegedly did to cause Plaintiffs' alleged injuries. *See Plusgrade L.P. v. Endava Inc.*, 2023 WL 2402879, at *3–4 (S.D.N.Y. Mar. 8, 2023) (citation omitted). And to the extent Plaintiffs intend for their undifferentiated use of "Unison" to refer only to Unison Agreement Corp., and not to Unison Investment Management, LLC and Odin New Horizon Real Estate Fund, LP, the Amended Complaint contains no factual allegations at all as to the latter two entities, requiring their dismissal. *See Haljuci v. McCormack*, 2026 WL 776027, at *4 (S.D.N.Y. Mar. 19, 2026).

For the reasons stated above, the Court and the parties need not wade into these issues now and instead should focus on the threshold arbitration issue before determining the most efficient way to proceed in whatever is left of this matter. Defendants respectfully request a pre-motion conference to answer any questions the Court may have and set a briefing schedule for the anticipated motion.

Respectfully submitted,

*/s/ Matthew S. Sheldon*

Matthew S. Sheldon (*pro hac vice*)

Cc: All Counsel of Record (via ECF)