# TERRELL | MARSHALL
## LAW GROUP PLLC

Blythe H. Chandler
bchandler@terrellmarshall.com

July 16, 2026

***VIA CM/ECF***
The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     <u>*Gerald Coffin, et al.  v. Unison Agreement Corp., et al.,*</u> Case No. 1:26-cv-01587-ENV-TAM

Dear Judge Vitaliano:

We represent Plaintiffs Gerald Coffin and Dawn Whitbeck in the above-referenced action. We write in response to Defendants' July 9, 2026, letter.

Plaintiffs agree that the Court should resolve Defendants' anticipated motion to compel Mr. Coffin to arbitration. That motion will fail because the arbitration provision is invalid and unenforceable under the Truth-in-Lending Act.

Plaintiffs oppose any stay of Ms. Whitbeck's claims while the Court resolves the arbitration question as to Mr. Coffin. That motion will not determine any issue relevant to Ms. Whitbeck's claims or the claims of other absent class members who entered into agreements with Unison before approximately November 2019, and should not impede their path to judicial relief. Defendants' anticipated motion to dismiss Ms. Whitbeck's claims will also fail because Plaintiffs have plausibly stated timely claims against all Defendants.

## I.      Neither Mr. Coffin's underlying claims nor their arbitrability are subject to arbitration.

Before a court may refer a dispute to arbitration, it must "determine whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019). This rule applies equally to a delegation provision, which "is simply an additional, antecedent agreement" to arbitrate arbitrability that is subject to the same principles as "any other." *Coinbase, Inc. v. Suski*, 602 U.S. 143, 148 (2024).

Under TILA, "[n]o residential mortgage loan … may include terms which require arbitration … as the method for resolving any controversy or settling any claims arising out of the transaction." 15 U.S.C. § 1639c(e)(1). A "residential mortgage loan" is "a consumer credit transaction…secured by a mortgage [or] deed of trust … on a dwelling." 15 U.S.C. § 1602(dd)(5). "Credit," in turn, means "the right granted by a creditor to a debtor to defer payment of debt or

to incur debt and defer its payment." 15 U.S.C. § 1602(f). Because the term "debt" is not defined in the statute, courts "give the term its ordinary meaning." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 566 (2012). The ordinary meaning of debt is "something owed." *See, e.g.,* Debt, Webster's New Collegiate Dictionary (9th ed. 1983).

Mr. Coffin's Agreement is a "residential mortgage loan" because Unison gave him the right to defer payment of something owed. *See* ECF 13 ¶ 37-45; *Olson v. Unison Agreement Corp.*, 2025 WL 2254522, at *1, 4-5 (9th Cir. Aug. 7, 2025) (holding that HomeOwner Agreements are credit under similar state statute); *Commonwealth v. Hometap Equity Partners, LLC.,* 2025 WL 2468564, at *6 (Mass. Super. Ct. Aug. 21, 2025) (observing that HomeOwner Agreements are "in substance, loans"). And his claims arise out of that transaction. Similarly, the delegation clause to which Defendants point is a "term[]" that "require[s] arbitration" to resolve a "controversy" about whether the parties must arbitrate disputes about the Agreement. 15 U.S.C. § 1639c(e)(1). TILA prohibits both arbitration provisions, so no enforceable agreement to arbitrate exists.

## II. Deferring consideration of Ms. Whitbeck's claims is neither efficient nor just.

This court should not stay Ms. Whitbeck's claims while the motion to compel arbitration is decided because its resolution will not impact her claims or the claims of similarly situated proposed class members. Defendants do not attempt to argue otherwise. Instead, they point to the potential impact on proposed class members whose contracts include an arbitration provision like Mr. Coffin's. But those possible impacts should not delay timely resolution of claims for people like Ms. Whitbeck, whose agreements Defendants agree have no applicable arbitration clause.

Defendants also raise the specter of "duplicative proceedings or unnecessary expenditure" if they are required to litigate Ms. Whitbeck's claims before a decision on arbitration. ECF 25 at 2. But whether the arbitration clause in Mr. Coffin's loan agreement can be enforced has no bearing on the legality of Ms. Whitbeck's agreement, which does not include the arbitration provision. And to the extent Unison is suggesting that this Court would defer to legal rulings an arbitrator might make in Mr. Coffin's case, that assertion is baseless. Plaintiffs seek to prosecute their claims together while Defendants are asking to split the cases up. Any risk of inconsistent rulings or burden is of Defendants' making.

Finally, Defendants' argument appears to be premised on the assumption that Ms. Whitbeck's claims would be stayed through final resolution of any appeal from the denial of their arbitration motion. But Defendants' unsupported claims of judicial efficiency do not justify denying Ms. Whitbeck a forum while arbitration-related litigation reaches its conclusion. The potentially lengthy process that may be required to finally resolve the arbitration question only underscores why this court should not stay Ms. Whitbeck's claims.

Nor do the cases Defendants cite support their argument for a stay. In *Rubinstein v. Vivid Seats Inc.*, there was one named plaintiff who had agreed to arbitrate and no indication that any class members were not similarly bound. 2025 WL 2773161 (E.D.N.Y. Sept. 29, 2025). Unlike here, the motion to compel arbitration could have rendered the motion to dismiss superfluous. *Vasell v. SeatGeek, Inc.*, which involved plaintiffs who were subject to arbitration and one who was not, more closely resembles this case. 2025 WL 240912 at *3 (E.D.N.Y. Jan. 17, 2025). Significantly, the court did not force the non-arbitration plaintiff to wait for the arbitration-related litigation to resolve before considering Defendants' motion to dismiss that plaintiff's claims. *Id.* at *10.

**III.     Plaintiffs have plausibly alleged timely claims.**

Defendants broadly assert that each of Ms. Whitbeck's claims accrued when she signed her Agreement. But, under New York law, this is just one possible point of accrual.

New York courts have recognized that a "continuing injury to real property gives rise to successive causes of action for the duration of the injury." *New York v. W. Side Corp.*, 790 F. Supp. 2d 13, 30 (E.D.N.Y. 2011). Ms. Whitbeck has plausibly alleged a continuing injury because Defendants maintain an unlawful encumbrance on her property to this day. New York courts have also confirmed that claims based on deception may accrue long after defendant makes its misrepresentation, particularly where, as here, the deception relates to the likelihood of a future event. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201, 211-12 (2001). This issue presents fact-sensitive questions that cannot be resolved on a motion to dismiss.

Finally, Defendants are incorrect on the statute of limitations because Ms. Whitbeck seeks a determination that the Agreement is void, as well as relief from prospective injuries, s*ee Riverside Syndicate, Inc. v. Munroe*, 833 N.Y.S.2d 452 (2007) *aff'd*, 10 N.Y.3d 18 (2008), and Mr. Coffin suffered injury in 2025 when he paid Unison under the terms of its deceptive loan product.

**IV.     Plaintiffs have provided Defendants adequate notice of the claims against them.**

"[N]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant.'" *Garcia v. ROC Nation LLC*, 2025 WL 1865965 at *5 (S.D.N.Y. July 2, 2025).

Plaintiffs have provided fair notice to Defendants by "alert[ing them] that identical claims are asserted against each" Defendant. *Garcia*, 2025 WL 1865965 at *5. Plaintiffs allege that "Defendants are joined, by agreement, in a joint venture or common enterprise" and that, because of that agreement, they are "co-conspirators and responsible for the acts of one another." ECF 13 ¶ 14-15. In any event, to the extent any additional specificity is required as to each Defendant's role, that could be cured by amendment, *see Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995), so a Rule 12 motion on this issue would be inefficient.

Respectfully Submitted,

/s/ Blythe H. Chandler
Blythe H. Chandler, *Admitted Pro Hac Vice*

BHC/ee
cc:      All Counsel of Record (via ECF)