**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| GERARD COFFIN and DAWN WHITBECK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNISON AGREEMENT CORP., UNISON INVESTMENT MANAGEMENT, LLC, and ODIN NEW HORIZON REAL ESTATE FUND LP,<br><br>Defendants. | No. 1:26-cv-01587-ENV-TAM |

## CONFIDENTIALITY ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a) The following documents and information may be designated as "confidential," provided such documents are not public and have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it:

- Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

- Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

- Medical and Legal Records, including medical files and reports.

- Non-public criminal history.

- Other information which, in the good-faith judgment of the Party designating the material, qualifies for protection under Federal Rule of Civil Procedure 26(c).

1

(b) If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make an application to the Court. Such application shall only be granted for good cause shown.

(c) An attorney for the producing party may designate information or documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within ten (10) days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript that contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this ten-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d) Documents or information designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents or information for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents or information shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents or information, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e) Review of the confidential documents and information by counsel, experts, or consultants in the litigation shall not waive the confidentiality of the documents or information or objections to production.

(f) The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

Pursuant to Federal Rule of Evidence 502(d), any disclosure of privileged documents or information during discovery shall not constitute a waiver or forfeiture of any claim of attorney-client privilege, work-product doctrine or any other applicable privilege in this or any other federal or state proceeding. The provisions of Federal Rule of Evidence 502(b) do not apply.

(g) If a party believes that a document or information designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h) If the parties wish to move to file a document under seal, they must comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at:
https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf.

(i) Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(j) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(k) This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

(l) Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, correspondence, and work product containing or reflecting confidential information after final termination of this action; provided, however, that they shall treat such materials as confidential, as designated pursuant to this Order. Such retained copies will remain subject to the restrictions herein, including that the materials be used only in connection with this action.

(m) Notwithstanding anything contained herein to the contrary, and for professional insurance purposes, counsel shall also be permitted to retain copies of all transcripts and exhibits containing or reflecting confidential information after final termination of this action; provided, however, that they shall treat such materials as confidential, as designated pursuant to this Order, and not access such materials for any purposes other than professional insurance purposes. Such retained copies will remain subject to the restrictions herein, including that the materials be used only in connection with this action.

(n) Any party or non-party (or counsel to any party or non-party) who becomes aware of any unauthorized disclosure of confidential documents or information or any breach

of this Order shall promptly give notice to the party or non-party that produced or supplied the confidential documents or information of such circumstances, including, to the extent known, a reasonable description of the circumstances that led to the unauthorized disclosure. Upon such notice, the party or non-party that produced or supplied the confidential documents or information may seek such other relief as is appropriate, including requesting that any person or persons to whom unauthorized disclosures were made execute Exhibit A. In any event, the party or non-party that made the unauthorized disclosure shall immediately take all reasonable steps to cure the unauthorized disclosure and shall make every effort to prevent further unauthorized disclosure.

(o) In the event any party in this action having possession, custody, or control of any confidential documents or information receives a subpoena, request for production of documents, or other process or demand to produce such material in another legal proceeding, such party shall as soon as possible, and in no event later than ten (10) days following the discovery that the subpoena or process calls for confidential documents or information: (i) give notice of the subpoena, request for production of documents, or other process or order to counsel for the producing party, and (ii) furnish that counsel with a copy of said subpoena, request for production of documents, or other process or order. The party receiving the subpoena, request for production of documents, or other process or demand shall notify in writing the person or entity who served the subpoena, request for production of documents, or other process or demand that some or all the material covered by the request is subject to this Order, and provide a copy of the Order to the issuing entity or individual. The producing party shall bear the burden and expenses of seeking protection of the confidential documents or information. If the producing party timely seeks a protective order to prevent production of the confidential documents or information, the party served with the subpoena or court order shall not oppose the entry of such protective order and shall not produce any information designated in this action as confidential documents or information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's written consent. Nothing in these provisions shall be construed as authorizing or encouraging a subpoenaed party to disobey a lawful directive from a court or authority of competent jurisdiction.

Dated: July 13, 2026

GOODWIN PROCTER LLP

*/s/ Valerie A. Haggans*
Valerie A. Haggans
Melissa Brumer
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
VHaggans@goodwinlaw.com
MBrumer@goodwinlaw.com

Matthew S. Sheldon *Admitted Pro Hac Vice*
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, D.C. 20036
Tel.: (202) 346-4027
Fax: (202) 204-7302
MSheldon@goodwinlaw.com

*Attorneys for Defendants Unison Agreement Corp.,
Unison Investment Management, LLC, and Odin
New Horizon Real Estate Fund LP*

TERRELL MARSHALL LAW GROUP PLLC

*/s/ Eleanor Eagan*
Beth E. Terrell, *Admitted Pro Hac Vice*
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, *Admitted Pro Hac Vice*
Email: bchandler@terrellmarshall.com
Elizabeth A. Adams, *Pro Hac Vice Forthcoming*
Email: eadams@terrellmarshall.com
Eleanor Eagan, *Admitted Pro Hac Vice*
Email: eeagan@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Danielle Tarantolo
Email: dtarantolo@nylag.org
Claire Torchiana
Email: ctorchiana@nylag.org
Julie Howe
Email: jhowe@nylag.org
NEW YORK LEGAL ASSISTANCE GROUP
100 Pearl Street, 19th Floor
New York, New York 10004
Telephone: (212) 613-5000
Facsimile: (212) 714-7589

Daniel A. Schlanger
Email: dschlanger@consumerprotection.net
Evan S. Rothfarb
Email: erothfarb@consumerprotection.net

5

SCHLANGER LAW GROUP LLP
60 East 42nd Street, 46th Floor
New York, New York 10165
Telephone: (212) 500-6114
Facsimile: (646) 612-7996

*Attorneys for Plaintiffs*

**SO ORDERED**.

Dated: Brooklyn, New York

 July 17, 2026
_____, 2026

_Taryn A. Merkl_
_____
TARYN A. MERKL
United States Magistrate Judge
Eastern District of New York

6

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: *Coffin v. Unison Agreement Corp.*, No. 1:26-cv-01587-ENV-TAM have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____
[Print Name]

_____          Dated:_____
[Signature]

Signed in the presence of:

_____
[Attorney]