VIA ECF October 2, 2026

Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Coffin et al. v. Unison Agreement Corp. et al.*, No. 1:26-cv-01587 (ENV) (TAM)**

Dear Judge Merkl:

We submit this joint letter motion regarding Plaintiffs' request to lift the stay of Defendants' discovery obligations, which Defendants oppose. The Parties met and conferred on September 23 but were unable to resolve this dispute.

**Procedural History (Joint)**

**Proceedings before this Court.** Plaintiffs Mr. Coffin and Ms. Whitbeck filed their operative complaint on May 11, 2026. ECF No. 13. On July 17, 2026, the Court directed the parties to propose a briefing schedule for Defendants' motions to compel arbitration as to Mr. Coffin and to dismiss as to Ms. Whitbeck. Minute Entry and Order (Jul. 17, 2026); ECF Nos. 25, 29. At an initial conference on July 21, 2026, the Court ordered Defendants to produce Plaintiffs' files. Plaintiffs served their First Interrogatories and Requests for Production ("First Requests") on August 4, 2026. ECF No. 34 ¶ 4; Ex. 1 (First Requests).

On July 28, 2026, Defendants informed Plaintiffs that they intended to file a motion before the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate the then-pending federal actions against Defendants. ECF No. 32 ¶ 2. On July 31, 2026, the Parties filed a joint status report advising the Court of the same. *Id.* Defendants stated that they expected the motion to be heard at the Panel's September 24, 2026 session and decided no later than mid-October. *Id.* ¶ 3.

Defendants produced documents from Plaintiffs' files on August 7, 2026. That same day, the Parties submitted a further joint status report in which Defendants formally requested a stay of all proceedings, including Defendants' deadline to respond to Plaintiffs' discovery requests, pending the JPML's decision. ECF No. 34 ¶¶ 1, 3, 5. Plaintiffs did not oppose the stay at that time, but "reserve[d] the right to oppose the stay" if the MDL Motion was not heard on September 24. *Id.* ¶ 10; *see also* ECF No. 36 ¶ 4. On August 19, 2026, Defendants filed a supplement to the August 7, 2026 joint status report requesting that the Court stay all proceedings "[f]or the reasons articulated in ECF No. 34." ECF No. 38 at 2. The following day, the Court stayed discovery "[i]n light of the prior representation that Plaintiffs do not currently oppose Defendants' request." Order (Aug. 20, 2026).

**Proceedings before the JPML.** On August 13, 2026, Defendants filed their Motion for Transfer. ECF No. 37-1 (the "MDL Motion"); MDL 3201, ECF No. 1 On August 14, the Panel published the hearing calendar for its September 24 session, and the Motion was not placed on that calendar. Both Parties requested that the Motion be heard at the Panel's September 24 hearing session, but the Panel did not do so. MDL 3201, ECF Nos. 1-11; 19, 19-10. The next session will be held on December 3, 2026.

**Legal Standard (Joint)**

Whether to stay is committed to the Court's discretion, guided by five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Cnty. of Genesee v. McKinsey & Co., Inc.*, 2021 WL 2184943, at *2 (E.D.N.Y. May 28, 2021).

**Plaintiffs' Position**

Plaintiffs respectfully request that the Court lift the discovery stay, which prejudices Plaintiffs and absent class members by delaying resolution of Unison's HomeOwner Agreements' ongoing encumbrance on their homes. This Court already denied a prior request by Defendants to stay discovery as to Ms. Whitbeck and "writ large," observing that the case "is live before me with two named plaintiffs and a putative class and we do need to treat it accordingly." Tr. of July 21, 2026 Initial Conf. ("Tr.") at 23:4-6; 27:3-5.[1] It should do so again.

**Courts in this District repeatedly decline stays pending Section 1407 motions.** The JPML Rules are clear that pending motions before the Panel do not affect proceedings in the court where a case was filed. J.P.M.L. Rule 2.1(d); *accord United States ex rel. Cosens v. St. Francis Hosp.*, 241 F. Supp. 2d 223, 225–26 (E.D.N.Y. 2002) (Spatt, J.) (neither the Federal Rules nor the Panel's rules supported holding proceedings in abeyance pending a § 1407 consolidation motion). Accordingly, courts have declined to suspend proceedings merely because a § 1407 motion is pending. In *Quinn v. JPMorgan Chase Bank, N.A.*, for example, the court denied a stay where the Panel had "not yet even calendared the petition for argument," observing that limited pretrial activity preceding an MDL aids the transferee judge and "ultimately saves the parties time and expense." 2020 WL 3472448, at *1–2 (S.D.N.Y. June 24, 2020); *see also Cosens*, 241 F. Supp. 2d at 225–26 (similar). And when courts in this District have granted such stays, it is because the delay would be brief. *See Genesee*, 2021 WL 2184943, at *2 (Panel had heard argument on the transfer motion the day before the court entered its stay); *see also Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co.*, 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) (thirty-day stay warranted because it would be "relatively short"). Delay would be particularly inappropriate here; Defendants seek to consolidate actions that involve distinct state laws, plaintiffs, and classes, and their consolidation motion is thus likely to be denied. *See* MDL No. 3201, ECF 19.

**The stay imposes real prejudice on Plaintiffs and harms putative class members.** At the time Plaintiffs consented to Defendants' proposed stay, Defendants represented they believed the Panel would rule by mid-October. ECF No. 32 ¶ 3. Because of the timing of Defendants' filing, however, the earliest the Panel could hear the motion is December 3, with a ruling sometime thereafter. *See* ECF No. 32 ¶ 3; 38 ¶ 1. Accordingly, if this action remains stayed, Defendants would not be responding to discovery served in early August until 2027. Named Plaintiffs are retirees, one of whom is 70 years old. ECF No. 13 ¶¶ 107, 138. They cannot afford to endure ongoing costs and restrictions while they wait for extended legal proceedings to provide relief. In the interim, Plaintiffs will each be suffering ongoing harm because of Unison's conduct. Unison's lien remains on Ms. Whitbeck's home, severely restricting her property rights. Mr. Coffin also

[1] Judge Vitaliano similarly did not grant Defendants' request that the Court stay the claims of Ms. Whitbeck, who does not have an arbitration agreement, until arbitration was resolved. Minute Entry and Order (Jul. 17, 2026); ECF Nos. 25, 29.

continues to face financial strain because of Unison's exorbitant payment demand. The Court has already recognized the inefficiencies of staying discovery: "fading memories and ease of recovering documents and the need to lock down ESI." Tr. at 9:5-7. The stay similarly harms the putative class by delaying resolution for homeowners burdened by Unison's HomeOwner agreement, which prevents them from exercising agency over their homes. *See* MDL No. 2301 ECF 19 at 11-12; *Uniformed Pro. Fire Fighters Ass'n of Connecticut v. 3M Co*., 2024 WL 4471356 (D. Conn. Oct. 10, 2024) (denying stay and recognizing prejudice to injured plaintiffs who brought "Connecticut claims in the District of Connecticut with the understanding that this path offered the best chance of securing relief as soon as possible.")

**Defendants face no cognizable hardship, and judicial economy favors proceeding.** The efficiency rationale for a stay pending the Panel's decision is the risk that a transferor court's work will be duplicated or contradicted elsewhere in the unlikely event that the transfer motion is granted.[2] But the discovery at issue is not duplicative of any pending litigation elsewhere: it concerns two New York plaintiffs, New York agreements, and the arbitration-related issues that this Court has already opened to discovery and on which Defendants bear the burden. Tr. at 17, 32–34; Ex. 1. Defendants do not assert that they are currently facing *any* pending discovery requests in related litigation, let alone requests that duplicate or overlap with Plaintiffs requests. Plaintiffs believe this is the only class case where discovery requests have yet been served. And, Plaintiffs remain willing to informally coordinate discovery for efficiency purposes, as they have already proposed. MDL 3201, ECF No. 19 at § I.A (noting litigation counsel is overlapping and actively coordinating). Moreover, Defendants told the Panel that the arbitration question "will need to be resolved before any action may move forward"; that will be true whether this Court decides it or a transferee court does. ECF No. 37-1 at 14. That is a reason to develop the record now, not to defer it, since it will be necessary before that anticipated motion is adjudicated anywhere. *See Quinn*, 2020 WL 3472448, at *1-2 (recognizing that allowing discovery to proceed during pending JPML advances efficiency and may aid the transferee judge). And the marginal burden on proceeding with discovery now is modest. Defendants have already produced some of the named Plaintiffs' files; the remaining documents Plaintiffs seek are not voluminous. ECF No. 32 ¶ 6. And of course, to the extent Defendants have objections to the discovery that has been served, they can lodge those once the stay has been lifted.

Plaintiffs respectfully request that the Court lift the stay and direct Defendants to respond to Plaintiffs' First Requests within 14 days.[3] Plaintiffs are available for a conference at the Court's convenience.

**<u>Defendants' Position</u>**

Defendants oppose Plaintiffs' request to lift the stay. Since the Court ordered the stay, the likelihood that the MDL Motion will be granted has increased, as the number of related actions has grown from ***five to eight*** (including six class actions total, among them another class action filed by the same counsel representing Plaintiffs here), and Plaintiffs told the Panel that the "operative facts are similar across the related actions." Terrell Decl., MDL ECF No. 19-1, at ¶ 14. The discovery Plaintiffs seek is within the "similar" universe of facts that should be efficiently

---

[2] *See Quinn*, 2020 WL 3472448, at *1 ("Over the last five years, the JPML has denied petitions for centralization in 60 percent of the cases . . . . [O]f the 40 percent of petitions that were granted, many were unopposed.").

[3] Because Plaintiffs served their first discovery requests on August 4, 2026, and the Court entered the stay on August 20th, sixteen days have elapsed and fourteen days remain on Defendants' time to respond if the stay is lifted.

coordinated, not litigated piecemeal. Moreover, Plaintiffs' make no showing of "prejudice" and the Second Circuit's five-factor standard continues to favor the stay.

**Plaintiffs would suffer no prejudice from briefly continuing the stay, while lifting the stay would impose unnecessary burdens on Defendants (factors 1 and 2).** The requested stay is brief and will conclude with the Panel's decision on the MDL Motion, which is anticipated shortly after December 3, 2026.[4] Moreover, the "prejudice" Plaintiffs complain of is entirely hypothetical and bears no relationship to the relief they seek. Plaintiffs say that they are "retirees" and reference unspecified "ongoing harm," but they identify no exigent circumstances or how lifting the stay would address such circumstances. Indeed, Mr. Coffin's agreement was ***settled*** in 2025, and Ms. Whitbeck owes ***no imminent payment***. *See* ECF No. 13, ¶¶ 134-35, 154. Defendants produced Plaintiffs' files more than six weeks ago. Plaintiffs thus already have the documents most directly relevant to evaluating their individual claims. They further cite the Court's concern about the potential loss of evidence, but fail to explain how immediate responses to the August 4, 2026 discovery requests would move things forward.

When the Court opened discovery, it did so based on Plaintiffs' representation that their "Phase 1" requests would be limited to "Plaintiffs' files" and "documents and evidence related to the anticipated motion to compel arbitration." Minute Entry and Order (Jul. 21, 2026). Plaintiffs say that the documents they seek are "not voluminous" and "not duplicative of any pending litigation elsewhere." But, the requests belie Plaintiffs' characterizations: they relate not just to the named plaintiffs, but to all Unison customers both in New York and nationwide, as well as to issues having nothing to do with arbitration. For example:

- RFP 4 demands a compilation of data reflecting the address of every New York property subject to a HomeOwner Agreement that ended by any exercise event;
- RFP 5 demands all documents relating to HomeOwner Agreement signings and ROG 5 demands the identification of all software, platforms, or tools used for such signings, both without limitation to New York or whether the agreements were subject to arbitration;
- RFP 10 demands all communications between Defendants and the American Arbitration Association, without limitation to named plaintiffs or New York; and
- RFP 12 demands all documents reflecting statements to investors or ratings agencies about Defendants' nationwide portfolio of HomeOwner Agreements.

These are not individual or arbitration-specific requests, nor are they limited to this New York action. What Plaintiffs are really seeking is early class discovery, which is especially improper given the high likelihood that an MDL will be established to oversee precisely such coordinated discovery.

Requiring Defendants to respond to these sweeping requests now risks duplicating work that a transferee court would supervise and consolidate. Plaintiffs have provided no indication of any time sensitivity—they have not identified any upcoming deadline or imminent harm that requires an immediate resolution of the stay. The stay does not permanently foreclose any right or

[4] Based on Defendants' understanding of the Panel's historical scheduling practices, Defendants believed that the August 13, 2026 filing would enable the Motion to be heard at the Panel's September 24, 2026 hearing. Indeed, on August 17, 2026, the Panel set a briefing schedule that would require the Motion to be fully briefed more than a week prior to the September 24, 2026 hearing. MDL 3201, ECF No. 3. Based on discussions with the Panel's Clerk's office, Defendants understand it will be included in the December 3, 2026 hearing.

remedy; it preserves the status quo while the Panel considers whether this action should be coordinated with the growing number of related actions.

**Judicial economy and the public interest weigh in favor of the stay (factors 3, 4, and 5).** Courts within this Circuit "frequently stay a case where there is a motion to transfer to a multidistrict litigation court pending before that court." *Cnty. of Genesee*, 2021 WL 2184943, at *2 (internal quotation and citation omitted). The rationale is straightforward: premature discovery before consolidation is decided risks inconsistent rulings, wasted effort, and prejudice to litigants in parallel actions. *See id*. Indeed, Defendants' chances of obtaining MDL treatment have only improved since the Court entered the stay. The number of related actions has grown from ***five to eight***, one of which was filed in the Western District of North Carolina by the ***same counsel*** who represent Plaintiffs here.[5]

In attorney declarations supporting their joint opposition to the MDL Motion, Plaintiffs conceded that the "operative facts are similar across the related actions." Terrell Decl. MDL 3201, ECF No. 19-1, at ¶ 14. And they further conceded that discovery will be substantially the same across the cases. *See* MDL 3201, ECF No. 19, at § I.A. They told the Panel, however, that consolidation was unnecessary, because they were purportedly "already coordinating to avoid duplicative discovery," *id.* at 1, a representation directly at odds with this motion. Plaintiffs have not identified a single step they have taken to coordinate the discovery they now seek with counsel for the seven other pending actions. Compelling responses to Plaintiffs' sweeping, portfolio-wide requests in this action now without such coordination would produce exactly the duplicative, piecemeal discovery burden across multiple courts that Plaintiffs' counsel told the Panel informal coordination would prevent.

Plaintiffs' reliance on *Quinn v. JPMorgan Chase Bank, N.A.*, 2020 WL 3472448, does not help them. In *Quinn*, Judge Rakoff acknowledged that stays like the current one are "customary." *Id.* at *1. But he denied the stay based on factors **not present here**. For example, Judge Rakoff cited "the economic pressures brought about by [the] pandemic," which required prompt relief. *Id.* at *1. There is no equivalent here. Plaintiffs' claims concern financial contracts they entered into more than five (Mr. Coffin) and eight (Ms. Whitbeck) years ago, and neither has any obligation to make an imminent payment to Defendants. *See* ECF No. 13, ¶¶ 115, 134-35, 142. *Uniformed Pro. Fire Fighters Ass'n of Conn. v. 3M Co.*, 2024 WL 4471356, is similarly distinguishable. The court denied that stay in that case because the plaintiffs were active-duty firefighters suffering from ongoing personal injuries from contaminated equipment, and overlap with the existing MDL was doubtful because the case involved different claims than the ones in the MDL, raising a serious question as to whether the MDL discovery would even be useful and relevant to the plaintiffs' cases. *Id.* at *2. Plaintiffs here bring the same "loan recharacterization" claims as the other constituent actions and concede that discovery will be materially the same. *See* MDL 3201, ECF No. 19, at § I.A.

Defendants respectfully request that the Court maintain the stay in its entirety until the Panel rules on the MDL Motion.

[5] *See Petty v. Unison Agreement Corp., et al.* (W.D.N.C., filed September 18, 2026); *see also Greathouse v. Unison Agreement Corporation et al.* (W.D. Mo., filed September 4, 2026); *Francischetti v. Unison Agreement Corporation et al.* (D. Md., filed July 21, 2026, removed Aug. 21, 2026).

Respectfully submitted, on behalf of all Parties,

TERRELL MARSHALL LAW GROUP PLLC
/s/ Beth E. Terrell
Beth E. Terrell, Blythe H. Chandler, Eleanor Eagan
(each admitted pro hac vice)
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109

NEW YORK LEGAL ASSISTANCE GROUP
Danielle Tarantolo, Claire Torchiana, Julie Howe
100 Pearl Street, 19th Floor
New York, New York 10004

SCHLANGER LAW GROUP LLP
Daniel A. Schlanger
60 East 42nd Street, 46th Floor
New York, New York 10165
*Attorneys for Plaintiffs*

GOODWIN PROCTER LLP
/s/ Valerie A. Haggans
Valerie A. Haggans
Melissa Brumer
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
VHaggans@goodwinlaw.com
MBrumer@goodwinlaw.com

Matthew S. Sheldon (admitted pro hac vice)
1900 N Street, N.W.
Washington, D.C. 20026
Tel.: (202) 346-4027
MSheldon@goodwinlaw.com

*Attorneys for Defendants*

cc: All counsel of record (via ECF)