# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GERALD COFFIN and DAWN WHITBECK *on behalf of themselves and all others similarly situated*,

Plaintiffs,

v.

UNISON AGREEMENT CORP., UNISON INVESTMENT MANAGEMENT, LLC, and ODIN NEW HORIZON REAL ESTATE FUND, LP,

Defendants.

No. 1:26-cv-01587-ENV-TAM

**PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT UNISON AGREEMENT CORP.**

TO: UNISON AGREEMENT CORP.:

TO: YOUR ATTORNEYS OF RECORD:

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and this Court's directives to engage in discovery as to "the two named Plaintiffs . . . and documents and evidence relating to the anticipated motion to compel arbitration," (July 21, 2026 Minute Order), Plaintiffs Gerald Coffin and Dawn Whitbeck hereby propound the following Interrogatories and Requests for Production of Documents (collectively, "Discovery Requests") to Unison and its attorneys of record. These Discovery Requests are intended to draw upon the combined knowledge of Defendant, Defendant's agents, and Defendant's attorneys.

Documents produced in response to these requests should be produced in the form listed in Terrell Marshall's Document Production Specifications (attached as Ex. A).

## I. DEFINITIONS

Throughout these Discovery Requests, including the definition of terms, the words used

in the masculine gender include the feminine. Wherever the word "including" appears, the meaning intended is "including but not limited to."

All terms found in the uniform definitions under Local Rule 26.3 have the meaning set forth in those uniform definitions.

As used throughout these Discovery Requests, these terms have the following indicated meanings:

1. "Arbitration Clause" shall refer to the provision that appears in Mr. Coffin's Unison HomeOwner Covenant Agreement at § 20 or any substantially similar agreement that homeowners signed as part of their HomeOwner Agreements with Unison. This term does not include provisions that call for arbitration of only disagreements about the initial valuation of a home subject to a HomeOwner Agreement.

2. "Initial Payment" shall include each and every term, including "Investment Payment," Unison has used to refer to the sum of money it provides to homeowners at the start of the HomeOwner Agreement.

3. "Option" has the same meaning as the term is defined in the Unison HomeOwner Option Agreement § 3.

4. "Unison" shall refer to each separate Defendant and the attorneys, employees, managers, directors, officers, agents, consultants, advisors, representatives, and Persons working on their behalf.

## II. RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for these discovery requests is from May 11, 2020, to the present.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:** State the number of people in New York who entered a Unison HomeOwner Agreement that did not include an Arbitration Clause.

**ANSWER:**

**INTERROGATORY NO. 2:** State the number of times Unison arbitrated claims arising under a HomeOwner Agreement on a property in New York.

**ANSWER:**

**INTERROGATORY NO. 3:** State the amount paid in arbitration fees by each homeowner with whom you have arbitrated claims arising under a HomeOwner Agreement on a property in New York.

**ANSWER:**

**INTERROGATORY NO. 4:** State the time period(s), including start and end date, if any, during which the form contract for HomeOwner Agreements on properties in New York contained the Arbitration Clause.

**ANSWER:**

**INTERROGATORY NO. 5:** Identify any software, platform, or other tool Unison uses in the course of HomeOwner Agreement signings, including the name and the vendor, manufacturer, or provider of such software, platform, or other tool.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify any third-party involved in the signing of HomeOwner Agreements on properties in New York, including but not limited to, any notary service.

**ANSWER:**

**INTERROGATORY NO. 7:** State the number of HomeOwner Agreements on properties in New York that have ended pursuant to any exercise event, special termination, expiration, or event of default.

**ANSWER:**

**INTERROGATORY NO. 8:** State the number of times Unison has declined to exercise the Option under a HomeOwner Agreement on a property located in New York.

**ANSWER:**

**INTERROGATORY NO. 9:** State the number of times Unison did not recoup a sum of money greater than or equal to the Initial Payment when it exercised its Option under a HomeOwner Agreement in New York.

**ANSWER:**

**INTERROGATORY NO. 10:** State the number of times Unison recouped no money when a HomeOwner Agreement on a property in New York ended pursuant to any exercise event, special termination, expiration, or event of default.

**ANSWER:**

## IV. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** A compilation of data, or screenshots, sufficient to show all data fields, notes, and records of communications relating to Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2.** All agreements between Unison and Plaintiffs or between Unison and any third party Concerning Plaintiffs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3.** All Documents Concerning Plaintiffs, including emails, letters, text messages, or recordings of calls.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4.** A compilation of data in excel-compatible format that includes the following information for any property included in the numbers provided in response to Interrogatories Nos. 8 through 10:

a. the address of the property;

b. the date on which the HomeOwner Agreement on that property ended; and

c. the proceeds You received under the HomeOwner Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5.** All documents, including manuals, job aids, work instructions, and training materials relating to HomeOwner Agreement signings, including any documents provided to notaries who witness such signings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6.** All documents, including contracts, agreements, and communications between Unison and any third-party identified in response to Interrogatory No. 6.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7.** All documents relating to the signing of Mr. Coffin's HomeOwner Agreement.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8.** All documents relating to the development, implementation, and presentation of the Arbitration Clause to homeowners.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9.** All documents relating to the cost of arbitration conducted pursuant to the Arbitration Clause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10.** All communications between Unison and the American Arbitration Association.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11.** Every version of an agreement to arbitrate that Unison has included in any HomeOwner Agreement on a property in New York.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12.** All documents reflecting statements to investors or ratings agencies, including Morningstar DBRS, relating to the performance of your portfolio of HomeOwner Agreements.

**RESPONSE:**

PROPOUNDED TO AND DATED this 4th day of August, 2026.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Blythe H. Chandler

Beth E. Terrell, *Admitted Pro Hac Vice*
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, *Admitted Pro Hac Vice*
Email: bchandler@terrellmarshall.com
Eleanor Eagan, *Admitted Pro Hac Vice*
Email: eeagan@terrellmarshall.com
1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Danielle Tarantolo
Email: dtarantolo@nylag.org
Claire Torchiana
Email: ctorchiana@nylag.org
Julie Howe
Email: jhowe@nylag.org
NEW YORK LEGAL ASSISTANCE GROUP
100 Pearl Street, 19th Floor
New York, New York 10004
Telephone: (212) 613-5000
Facsimile: (212) 714-7589

Daniel A. Schlanger
Email: dschlanger@consumerprotection.net
SCHLANGER LAW GROUP LLP
60 East 42nd Street, 46th Floor
New York, New York 10165
Telephone: (212) 500-6114
Facsimile: (646) 612-7996

*Attorneys for Plaintiff*

CERTIFICATION OF ATTORNEY

I am the attorney for DEFENDANT UNISON AGREEMENT CORP. and I hereby certify that I have read the foregoing Plaintiffs' Interrogatories and Requests for Production of Documents Propounded to Defendant, and the Answers and Responses thereto, and believe that the same are in compliance with Fed. R. Civ P. 26.

DATED this _____ day of ______________________, 2026.

By: __________________________________

*Attorneys for Defendant*

# VERIFICATION

STATE OF____________________ )
) ss.
COUNTY OF _________________ )

I, ________________________________, having been first duly sworn on oath, depose and say: I am the _________________________ of UNISON AGREEMENT CORP., I have read the within and foregoing Answers to Interrogatories, know the contents thereof, and believe the same to be true and correct.

I have read the within and foregoing Interrogatories and hereby verify that all responsive Documents and things in Defendant's possession or to which said Defendant has access have been or are made available for inspection by Defendant's attorneys.

By: __________________________________

SUBSCRIBED AND SWORN to before me this _____ day of _____________, 2026.

________________________________________

(Printed Name)___________________________

NOTARY PUBLIC in and for the State of

______________ residing at ________________

My Commission Expires: __________________

CERTIFICATE OF SERVICE

I, Blythe H. Chandler, hereby certify that on August 4, 2026, I caused true and correct copies of the foregoing to be served via electronic mail upon the following:

Valerie A. Haggans
Email: vhaggans@goodwinlaw.com
Melissa Brumer
Email: mbrumer@goodwinlaw.com
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333

Matthew S. Sheldon, *Admitted Pro Hac Vice*
msheldon@goodwinlaw.com
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Telephone: (202) 346-4000
Facsimile: (202) 346-4444

*Attorneys for Defendants*

DATED this 4th day of August, 2026.

By: /s/ Blythe H. Chandler
Blythe H. Chandler, *Admitted Pro Hac Vice*